UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS NUNEZ,

                Petitioner,

-against-

KATHLEEN GERBING, *Superintendent, Otisville Correctional*,

                Respondent.

14-cv-8475 (NSR) (PED)

ORDER ADOPTING REPORT AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Luis Nuñez ("Petitioner"), currently an inmate at Otisville Correctional Facility and proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied. No objections to the R & R have been filed.

    For the following reasons, the Court adopts the R & R in its entirety, and the petition is DENIED.

## BACKGROUND

    Petitioner Luis Nuñez was convicted by a jury on April 13, 2000, of assault and weapon possession charges arising out of a stabbing in Haverstraw, NY, which occurred in September 1999. On May 11, 2000, he was sentenced to concurrent terms of twenty years for the assault count and three and a half to seven years for the weapon count. On June 13, 2011, over Petitioner's objection, the trial court re-imposed his sentence to add five years of post-release supervision, as required by N.Y. Penal Law § 70.45(1).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/20/2015

Copies mailed/faxed 8/20/2015
Chambers of Nelson S. Román, U.S.D.J.

The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and direct appeals. Further details can be found in the "Background" section of the R & R, which this Court adopts.

Petitioner timely filed the instant Petition for a Writ of Habeas Corpus on October 13, 2014. The petition sets forth the following claims for habeas review: (1) whether the state court violated the U.S. Constitution by adding more time to Petitioner's previously-imposed sentence after the original sentence was silent on post-release supervision, in violation of the Ex Post Facto clause of the Constitution; (2) whether the state legislature has the authority to merge together Correction Law § 601-d and Penal Law § 70.45 and re-write a statute to apply to prior events when the statute was unconstitutional; and (3) whether the post-release statute treats different classes of defendants differently and thus violates the Equal Protection Clause. (*See* ECF No. 2.)

## STANDARDS OF REVIEW

I.  **Federal Habeas Review of a State Court Decision**

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). When a claim has been adjudicated on the merits and its disposition reduced to judgment in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337

(2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

## II. Review of Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (b)(3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**DISCUSSION**

Here, the R & R was issued on July 21, 2015, and the deadline for filing objections was August 7. Since no objections were filed, the Court has reviewed Magistrate Judge Davison's R & R for clear error and found none.

As to Nuñez's Ex Post Facto clause claim, the re-sentencing statute clearly does not violate the Ex Post Facto clause because it does not punish as a crime an act that was innocent when it was done, nor does it increase the punishment for a crime or eliminate any defenses. Rather, the statute "merely provides for judicial correction of sentences that, as in [this] case, were illegal because they did not expressly include the PRS [post-release supervision] mandated by section 70.45(1)", *Becker v. Paterson*, No. 1:09-CV-392 (NAM/DRH), 2010 WL 1186521, at *4 (N.D.N.Y. Mar. 23, 2010).

There is also no basis for Petitioner's claims that the re-sentencing violated his rights to due process and equal protection. It is clear that the state employed exactly the procedure set out by the Second Circuit in *Earley* as the proper course for avoiding due process violations, and petitioner received both notice and an opportunity to be heard before he was re-sentenced. *See Earley v. Murray*, 451 F.3d 71, 76 (2d Cir. 2006) ("[W]hen DOCS discovered the oversight made by Earley's sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally. The state then could have moved to correct the sentence through a judicial proceeding, in the defendant's presence, before a court of competent jurisdiction."). As to Nuñez's claim that the statute treats different classes of criminal defendants differently upon re-sentencing, the claim fails because defendants who pleaded guilty and defendants who were convicted after a jury trial are simply not similarly situated. *Cf. Brown v. City of Oneonta, N. Y.*, 221 F.3d 329, 334 (2d Cir. 1999) ("The Equal Protection Clause 'is

essentially a direction that all persons similarly situated should be treated alike.'" (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)).).

## CONCLUSION

For these reasons, the Court adopts Magistrate Judge Davison's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is respectfully directed to enter judgment in accordance with this Order and close this case.

Dated: August 20, 2015
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge